IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENEE WIZA,

     Plaintiff,          ORDER

 v.                20-cv-810-wmc

COOK INCORPORATED, COOK
MEDICAL LLC, f/k/a Cook Medical
Incorporated and WILLIAM COOK
EUROPE APS,

     Defendants.

---

  In this civil action, plaintiff Renee Wiza asserts strict liability, negligence, breach of warranty and Wisconsin deceptive trade practices act claims against defendants Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe APS based on their manufacture, marketing and sale of an alleged defective medical device. (Compl. (dkt. #1).) Plaintiff alleges that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* ¶ 15.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiff will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

  "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for

want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 15.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to defendants Cook Medical LLC and William Cook Europe APS prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of either defendant Cook Medical LLC or William Cook Europe APS,[1] making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges defendant Cook Medical LLC is "is a privately-owned Indiana limited liability company with its principal place of business located at 1025 West Acuff Road,

---

[1] It appears that "APS" at the end of defendant William Cook Europe's name is the Danish equivalent of a limited liability company. "Anpartsselskab," Wikipedia, https://en.wikipedia.org/wiki/Anpartsselskab#:~:text=Anpartsselskab%20(Danish%20pronunciati on%3A%20%5B%CB%88%C3%A6np%CA%B0%C9%91tssel%CB%8Csk%C9%9B%CB%80p,na me%20of%20a%20British%20company.

Bloomington, Indiana." (Compl. (dkt. #1) ¶ 9.)[2] As for defendant William Cook Europe APS, plaintiff simply alleges that it is "based in Bjaeverskov, Denmark." (*Id.* ¶ 10.) As the Seventh Circuit has instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of defendants Cook Medical LLC and William Cook Europe APS. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until September 22, 2020, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

---

[2] Plaintiff also alleges that Cook Medical LLC is a 'wholly owned subsidiary[y]" of Cook Incorporated (Compl. (dkt. #1) ¶ 8), but this allegation does not necessarily mean that Cook Incorporated is its sole member.

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 8th day of September, 2020.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge